JUDGE GRIESA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 894

------------------------------------------------------------------X **CIVIL ACTION No.**

CAROLYNE RIOS

**COMPLAINT**

Plaintiff(s),

**PLAINTIFF DEMANDS A TRIAL BY JURY**

- against -

RECEIVED FEB 11 2014 U.S.D.C. S.D.N.Y. CASHIERS

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE CHRISTOPHER ZAPATA (Shield No. 4835),
POLICE OFFICER KNOWN AS "UNDERCOVER OFFICER #177",
POLICE OFFICER KNOWN AS "UNDERCOVER OFFICER #0026",
SERGEANT CHRISTOPHER JONES ("SGT. JONES"),
DETECTIVE ANTHONY VIDOT (Shield No. 2555),
DETECTIVE (FIRST NAME UNKNOWN) AYALA,
DETECTIVE (FIRST NAME UNKNOWN) GONZALEZ,
DETECTIVE (FIRST NAME UNKNOWN) THOMPSON,
SERGEANT DONALD MORGAN,
POLICE OFFICERS "JOHN DOE" and "JANE DOE" 1-5, and
NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEY
MICHELLE WARREN,

Defendant(s).

------------------------------------------------------------------X

Plaintiff, CAROLYNE RIOS, (hereinafter referred to as "Plaintiff") by and through her attorney, SUSAN CALVELLO, alleges the following allegations or other factual contentions upon information and belief against defendants CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE CHRISTOPHER ZAPATA (Shield No. 4835), POLICE OFFICER KNOWN AS "UNDERCOVER POLICE OFFICER #177", POLICE OFFICER KNOWN AS

"UNDERCOVER OFFICER #0026", SERGEANT CHRISTOPHER JONES), DETECTIVE ANTHONY VIDOT (Shield No. 2555), DETECTIVE (FIRST NAME UNKNOWN) AYALA, DETECTIVE (FIRST NAME UNKNOWN) GONZALEZ, DETECTIVE (FIRST NAME UNKNOWN) THOMPSON, SERGEANT DONALD MORGAN, POLICE OFFICERS "JOHN DOE" and "JANE DOE" 1-5, and NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEY MICHELLE WARREN, as follows:

## JURISDICTION AND VENUE

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, and arising under law and statutes of the State of New York. Jurisdiction of this Court is invoked under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and any applicable pendent state law claims.

2. Plaintiff, CAROLYNE RIOS, is an adult citizen of the United States and a resident of the State of New York who currently resides in the County of New York.

3. Defendant, CITY OF NEW YORK ("NYC"), was at all times relevant hereto, a municipal corporation duly organized and existing under the laws of the State of New York.

4. Defendant, NEW YORK CITY POLICE DEPARTMENT ("NYPD"), was at all times relevant hereto, a local government agency of defendant, CITY OF NEW YORK.

5. Defendant, DETECTIVE CHRISTOPHER ZAPATA ("DET. ZAPATA"), Shield No. 4835, was at all times pertinent to the allegations of this complaint a detective assigned to the NYPD Joint Firearms Task Force ("JFTF"), and employed by defendants NYC and NYPD. He is sued individually and in his official capacity.

6. Defendant, POLICE OFFICER KNOWN AS UNDERCOVER OFFICER #177 ("UC #177"), was at all times pertinent to the allegations of this Complaint an undercover police officer assigned to the Firearms Investigation Unit, and employed by defendants NYC and NYPD. He is sued individually and in his official capacity.

7. Defendant, POLICE OFFICER KNOWN AS UNDERCOVER OFFICER #26 ("UC #26"), was at all times pertinent to the allegations of this Complaint an undercover police officer assigned to the JFTF, and employed by defendants NYC and NYPD. He is sued individually and in his official capacity.

8. Defendant, SERGEANT CHRISTOPHER JONES ("SGT. JONES"), was at all times pertinent to the allegations of this complaint a sergeant assigned to the Firearms Investigations Unit, and employed by defendants NYC and NYPD. He is sued individually and in his official capacity.

9. Defendant, DETECTIVE ANTHONY VIDOT ("DET. VIDOT"), Shield No. 2555, was at all times pertinent to the allegations of this complaint a detective assigned to the Firearms Investigations Unit, and employed by defendants NYC and NYPD. He is sued individually and in his official capacity.

10. Defendant, DETECTIVE (FIRST NAME UNKNOWN) AYALA ("DET. AYALA"), was at all times pertinent to the allegations of this complaint a detective assigned to the Firearms Investigations Unit, and employed by defendants NYC and NYPD. He/she is sued individually and in his/her official capacity.

11. Defendant, DETECTIVE (FIRST NAME UNKNOWN) GONZALEZ ("DET. GONZALEZ", was at all times pertinent to the allegations of this complaint a detective assigned

to the Firearms Investigations Unit, and employed by defendants NYC and NYPD. He/she is sued individually and in his/her official capacity.

12. Defendant, DETECTIVE (FIRST NAME UNKNOWN) THOMPSON ("DET. THOMPSON"), was at all times pertinent to the allegations of this complaint a detective assigned to the Firearms Investigations Unit, and employed by defendants NYC and NYPD. He/she is sued individually and in his/her official capacity.

13. Defendant, SERGEANT DONALD MORGAN ("SGT. MORGAN"), was at all times pertinent to the allegations of this complaint a detective assigned to the Firearms Investigations Unit, and employed by defendants NYC and NYPD. He is sued individually and in his official capacity.

14. Defendants, POLICE OFFICERS "JOHN DOE" and "JANE DOE" 1-5, ("PO's DOE 1 to 5"), were at all times pertinent to the allegations of this Complaint working as police officers employed by defendants NYC and NYPD. The names and identities of defendants PO's Doe 1 to 5 remain unknown at this time. Each is sued individually and in his/her official capacity.

15. Defendant, NEW YORK COUNTY ASSISTANT DISTRICT ATTORNEY MICHELLE WARREN ("ADA WARREN"), was at all times pertinent to the allegations of this Complaint an Assistant District Attorney employed by the District Attorney's Office of New York County. She is sued individually and in her official capacity.

16. At all times relevant to the allegations of this Complaint and in all actions of the defendants alleged, defendants were acting under color of law color and pretense of the statutes, ordinances, regulations, customs, and usages of the City and State of New York and pursuant to their authority as police officers of the City of New York, and in the case of defendant ADA

MICHELLE WARREN, pursuant to her authority as an Assistant District Attorney for the County of New York.

17. Defendant police officers were acting pursuant to specific orders and directives from the Municipality during the scope of employment, and the Municipality provided each with an official badge and identification card which designated and described its bearer as a police officer of the NYPD, and in the case of defendant ADA WARREN, pursuant to her scope of her employment as an Assistant District Attorney for the County of New York.

18. At all material times, defendant police officers were servants, agents and/or employees of defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and in the case of ADA Warren, all persons for purposes of 42 U.S.C. §1983, and that each defendants' acts are imputed to the Municipality.

19. At all material times, defendants, separately and/or in concert with other police officers, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulation, customs and usage of the Municipality. Said defendants, separately and/or in concert, engaged in the illegal conduct mentioned herein, recklessly and with callous disregard for plaintiff's State and Constitutional rights, causing injury to plaintiff and depriving plaintiff of the rights, privileges and immunities secured to her by the laws of the United States.

20. Plaintiff was not at the time of the events alleged in this complaint, or at any other time, committing any offense against the laws and ordinances of the City and County of New York or against the law and statutes of the State of New York, and defendants did not have any reasonable grounds for believing that plaintiff was committing or had committed any offense.

## COUNT ONE

21. Plaintiff, CAROLYNE RIOS, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "20" hereinabove with the same force and effect as if set forth more fully at length herein.

22. On April 17, 2012, defendant police officers unlawfully entered plaintiff's home located at 200 West 143rd Street, Apartment 9G, County, City and State of New York, while plaintiff was home, and while plaintiff was taking care of her one year old infant daughter, whom plaintiff was nursing, and her five year old daughter. Upon information and belief, defendant police officers entered plaintiff's home upon a court issued arrest warrant and with a search warrant, each based on false allegations and information, and without probable cause.

23. Plaintiff was unlawfully arrested inside her home by defendant police officers, removed from her home in handcuffs, and forced to leave her two daughters, all against plaintiff's will and over her protestations.

24. Plaintiff's person, home and property were unlawfully searched by defendant police officers, and defendant police officers removed property from plaintiff's person and home, and have failed to return said property to plaintiff, including a cellphone containing personal information and photographs of her newborn infant daughter that were of great sentimental and irreplaceable value.

25. On April 17, 2012, plaintiff was taken into custody by defendant police officers and was transported to a holding cell and detained in a facility operated by defendant NYPD, more commonly known as the 43rd Precinct Station House holding cell, located in the County of Bronx, City and State of New York.

26. Defendant police officers, in their official capacity as police officers of defendant NYPD and, in the case of defendant ADA WARREN in her official capacity as an Assistant District Attorney, without provocation, just and legal cause, falsely and maliciously accused plaintiff of crimes of conspiring to sell, distribute, and possess firearms, and alleged facts against plaintiff, including that: on July 13, 2011, in the vicinity of West 26th Street and Sixth Avenue, New York

County, plaintiff sold one or more firearms to defendant UC #177 in exchange for United States Currency, presented false evidence to a grand jury that plaintiff was involved with other persons in a conspiracy of selling, distributing, and possessing firearms, represented or testified in a court of law that plaintiff was involved with others in a conspiracy of selling, distributing, and possessing firearms, placed plaintiff in a line-up on June 7, 2012 for exhibition to various persons and police officers, identified plaintiff in said line-up as a person who possessed and sold one or more firearms to defendant UC #177, identified plaintiff by photograph as a co-conspirator, prepared and filed official documents and reports containing false information about plaintiff, including an arrest warrant, arrest warrant affidavit, search warrant, search warrant affidavit, and pleadings in a court of law, containing false information and allegations about plaintiff, when in fact plaintiff was never involved in such criminal acts or present at the time and place of the alleged criminal acts.

27. Defendants acted unreasonably and in reckless disregard for the truth in wrongfully seeking, securing, and carrying out an arrest warrant, search warrant, and indictment based upon inaccurate and false information and in their failure to take any steps to confirm the validity of the information obtained during the purported investigation of plaintiff, when defendants had reason to doubt the validity of such information.

28. As a direct and proximate result of defendants' acts as described herein, plaintiff was unlawfully detained and imprisoned from April 17, 2012, up to and including August 30, 2012, in a correctional facility operated by defendant, CITY OF NEW YORK.

29. Defendants were present or in the company of plaintiff, witnessed and/or participated in the above described events and conduct, but took no action to aid plaintiff by halting the illegal acts.

30. As a direct and proximate result of defendants acts and omissions as set forth herein, plaintiff suffered severe physical, psychological and emotional distress, injuries and damages, including loss of the love, affection and consortium of her two infant daughters, interruption of plaintiff's medical care and treatment, including medical treatment for post-natal

complications arising out of the birth of her youngest infant child, injury to her reputation and character, being permanently deprived of property, impairment of her earning power, and incurring expenses to secure her release, in connection with the deprivation of plaintiff's constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. § 1983, 1985 and 18 U.S.C. § 245.

31. As a further direct and proximate result of the defendants' acts and omissions as set forth herein, including defendants' intentional concealment of facts relevant to the issue of the plaintiff's guilt or innocence, plaintiff was denied due process of law as secured to her by the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, 1985 and 18 U.S.C. § 245.

32. The acts and omissions of defendants as set forth herein were unconscionable, intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages. As a matter of policy and law, the court has the authority to consider and make an award to plaintiff for punitive damages.

## COUNT TWO

33. Plaintiff, CAROLYNE RIOS, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through and including "32" hereinabove with the same force and effect as if set forth more fully at length herein.

34. On April 17, 2012, defendants unlawfully arrested plaintiff, took her into custody and maliciously and falsely accused plaintiff by indictment that plaintiff conspired to sell, distribute, and possess firearms, possessed and sold firearms, and prosecuted plaintiff on that indictment for those crimes.

35. As a result of defendants' acts and omissions as alleged herein, from the date of